94 N. J. Eq.                    Mountford v. Mountford.

MARGUERITE MOUNTFORD, petitioner,

v.

ALBERT N. MOUNTFORD, defendant.

[Decided March 29th, 1923.]

1. In an action for divorce by a wife who had left her husband— *Held*, that her evidence that her husband forced her to leave is sufficiently corroborated.

2. Where a husband forced his wife to submit to an illegal operation, called her vile names, told her he had made a mistake when he married her; that he would not live with her; that he did not care what she did or where she went; that he would not support her, and where he cut off her allowance and left her without food or money, the husband was guilty of willful desertion.

3. Desertion is not the physical absence of one of a married couple from the other, but such absence as is willful, continued and obstinate.

In divorce. On exceptions to master's adverse report.

*Mr. Jacob L. Newman,* for the exceptant.

BACKES, V. C.

Less than four months after they were married the petitioner left her husband. The master in recommending against a divorce reported, "that no adequate evidence has been produced before me to establish the fact that she left because of conduct on the part of the defendant which would have entitled her to a divorce from bed and board at the time of her leaving; and I therefore find and report that her leaving was voluntary on her part."

I do not feel called upon to agree or disagree with the master that a case of extreme cruelty is not made out, other than to observe that the wife's testimony of cruel treatment lacks corroboration; but I do not agree with the master's

view that her leaving was voluntary on her part. The defendant took his bride to live in one room, fourth floor rear, of a tenement house in Brooklyn. He earned $42 weekly, of which he gave her but $15, out of which she had to supply the food, clothe herself and pay his doctor's bill. He spent the rest on himself. He drank heavily and when drunk, which was often, to use the wife's language, "he vomited in bed, urinated in bed and excreted in bed and left it there for me to clean up." He forced her to submit to an illegal operation under threats to leave her. He called her vile names, told her he had made a mistake when he married her; that he did not want to and would not live with her; that he did not care what she did or where she went; that she could do just as she wanted to and go where she pleased; that he was not going to bother with her and that he would not support her. A week before she left him he cut off her allowance and being without food or money she pawned her watch to raise enough for car fare and went back to her mother's home in this state. He has not called upon or communicated with her since, a little more than two years before the petition was filed. There is no one to vouch for the petitioner's story of her misery, of course, and if the suit were one for constructive desertion, based solely on extreme cruelty, it would fail, at least, for want of corroboration. But the case does not rest on the theory that the wife was justified in leaving her husband because of his extreme cruelty. Here the husband forced his wife to leave him. His conduct throughout their few months of cohabitation, though it may be short of extreme cruelty, as to which I pass no judgment, was designed to accomplish that result. He schemed to that end, and succeeded. A husband who constantly tells his wife that she is not wanted, and means it, and starves her out, orders her out, and if she goes, he is the deserter. As to the husband's desertion in this view of the case there is ample corroboration. A very short time before the wife left her husband called her mother on the 'phone and asked for money to defray the expenses of the illegal operation. Upon her

refusal he told her that he was not going to live with his wife. After she left he told one of the witnesses that he did not want to live with his wife, and "that I was damn glad to get rid of her * * * he wanted it (the situation) to be just as it was, and that the separation was final and that he would not consider a reconciliation of any sort." And then there is the convincing circumstance of his mental attitude to desert—he never sought her out—clearly evincing his determination to be rid of his wife. These things are sufficient corroboration. *Hague* v. *Hague, 85 N. J. Eq. 537.*

The desertion was willful on the part of the husband in that he purposely created the situation that made separation inevitable. It was obstinate and it was persisted in against the will of the wife. The doctrine laid down in *Hahn* v. *Hahn, 93 N. J. Eq. 296,* is applicable. There it was said: "The view that there was no willful desertion on the part of the husband because the wife and not he left is unsupportable. Departure is not the test of desertion. The desertion contemplated by the third section of our Divorce act (*2 Comp. Stat. 1910 p. 2028*) is not the physical absence of one of the married couple from the other, but such absence in a prescribed condition of mind—a willful and obstinate desertion. *Hyland* v. *Hyland, 55 N. J. Eq. 35.*

The exception will be sustained and a decree of divorce advised.