The parties separated after eleven years. They have one child. During most of the time the wife worked to support herself. The husband, shortly before the separation, assaulted her twice, and ordered her from the home repeatedly, almost daily during the last year, and twitted her because she had not gone, until she finally left in 1919. Since that time he has not supported her or the child, nor has he visited the child or seen the mother except on two occasions, once when he offered to go back to housekeeping if she would take in boarders, which she very properly rejected, and at which time he tried to borrow a hundred dollars from her. The master advised against a divorce, being of the opinion that the wife, not the husband, deserted, to which an exception was filed. The question whether the husband is guilty of desertion is not to be judged by the fact that the wife left the matrimonial abode; that is but a circumstance. His desertion is made out if it appears that he wanted to be rid of her, and accomplished his purpose by a course of conduct calculated to force her to quit; and if he persisted in the separation for two years thereafter. The evidence abundantly establishes his intent and design, and the success of his efforts at separation; *Page 92 
and additional and persuasive proof of his intention to desert is his utter indifference towards both wife and child and his complete abandonment of them ever since. The act of separation of the wife was involuntary on her part. The separation and its continuance was entirely agreeable to the husband and against her will. The case is within the principle of Mountford v.Mountford, 94 N.J. Eq. 627. This is not a case of constructive abandonment, but one of actual desertion by the husband, even though the wife was the one to leave. There will be a decree of divorce.